# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Amy Kovach, Plaintiff,

v.

Joshua S. Whitley and Karen Whitley, in her Individual Capacity, Respondents,

And

Joshua S. Whitley, Defendant/Counterclaimant,

v.

Amy Kovach, Plaintiff/Counterclaim Defendant,

And

Joshua S. Whitley, Defendant/Third-Party Plaintiff,

v.

Rodney Thompson, Third-Party Defendant,

Of whom Amy Kovach is the Petitioner.

Appellate Case No. 2021-000174

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Berkeley County
Jean Hoefer Toal, Circuit Court Judge

---

Opinion No. 28109
Heard May 18, 2022 – Filed August 31, 2022

---

**REVERSED**

---

M. Dawes Cooke Jr. and Christopher Mark Kovach, both
of Barnwell Whaley Patterson & Helms, LLC, of
Charleston, for Petitioner Amy Kovach.

Jeffrey A. Breit, of Breit Drescher Imprevento, P.C., of
Virginia Beach, Virginia, and Joshua Steven Whitley, of
Smyth Whitley, LLC, of Charleston, both for Respondent
Joshua S. Whitley; and William Howell Morrison, of
Haynsworth Sinkler Boyd, P.A., of Charleston, for
Respondent Karen Whitley.

---

**PER CURIAM:**  In this appeal, we are asked to consider the propriety of a sanction imposed pursuant to Rule 11, SCRCP, against an attorney's client.[1] Petitioner Amy Kovach was fired from her job with the Berkeley County School District (BCSD) after pleading guilty to misconduct in office and misuse of public funds.  Believing she had been a casualty of a political battle between warring factions in the BCSD, Kovach hired an employment attorney to file a grievance with the BCSD and a civil lawsuit against those she felt were responsible for her firing.  After the attorney reviewed Kovach's guilty plea transcript and conducted an independent investigation, she filed a civil conspiracy complaint against Josh Whitley and his mother Karen Whitley (collectively, Respondents), among others.  Respondents immediately filed separate motions for Rule 11 sanctions against the

---

[1] *See generally* Rule 11(a), SCRCP ("The written or electronic signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay. . . .  If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.").

attorney, asserting the complaint was at odds with the representations Kovach made when she entered her guilty plea. Despite Kovach's attempt to dismiss the lawsuit within one month of filing it—an attempt that was unsuccessful due to Respondents' resistance—Respondents requested nearly $250,000 in attorneys' fees. Ultimately, the trial court sanctioned the attorney $17,000, and additionally sanctioned Kovach $48,000. Kovach's attorney chose not to appeal. Therefore, only the sanction against Kovach is at issue here.

We find the imposition of a sanction against Kovach was an abuse of discretion. Kovach was represented by an experienced attorney who carefully and independently vetted Kovach's allegations and claims before determining she had a viable cause of action against Respondents. Although Rule 11 allows for the possibility of sanctions against a client,[2] it primarily speaks in terms of an attorney's professional responsibilities.[3] Rule 11 is not intended to be used as a

---

[2] While not raised by the parties, we point out the obvious: Kovach did not personally sign the allegedly frivolous complaint. We therefore question whether Rule 11's *signature* requirement applies to Kovach at all here. *See, e.g.*, *Russell v. Wachovia Bank, N.A.*, 370 S.C. 5, 19, 633 S.E.2d 722, 729–30 (2006) (affirming a Rule 11 sanction against a represented client when the client's "own deposition testimony directly contradict[ed] statements made in her affidavit," *which she personally signed*).

[3] Interestingly, at the trial level, Respondents implicitly conceded Rule 11 was primarily intended to foster lawyer responsibility, rather than curb a client's inappropriate behavior. *See* Note, Rule 11, SCRCP (explaining the signature requirement "represents a substantial forward step in *lawyer* responsibility," as it "places *on the lawyer who signs a pleading* the duty of good faith in preparing the pleading" (emphasis added)). Specifically, Respondents initially only requested a sanction be imposed against Kovach's attorney. However, prior to the sanctions hearing, Respondents amended their motion for sanctions to include a claim against Kovach *and* her attorney. Nonetheless, other than emphasizing the factual inconsistencies between Kovach's complaint and her guilty plea, Respondents had little (if anything) to say about Kovach's fault in filing the complaint. Rather, Respondents focused almost exclusively on the attorney's fault, arguing, among other things, that (1) "The attorney's pen in this case is twice as dangerous as [] Kovach's lies because she has a higher duty as a lawyer. She has an ethical duty."; (2) "[T]he lawyer with the pen is the one that can cause the most damage and has the ability to stop it."; (3) "Lawyers have clients show up all the time wishing to strike out at people that have caused them problems. . . . We [attorneys] have a

weapon against a client represented by counsel, whose job it is to be knowledgeable of the law and advise a lay client on the best course of action.[4] Given the attorney's investigation prior to filing the complaint, and a complete lack of evidence that Kovach harassed or otherwise coerced her attorney into filing the complaint, we see no factual basis on which to justify an award of sanctions against Kovach.[5] We therefore reverse the sanction against Kovach.[6]

---

higher duty. We have a higher burden. That's why we have Rule 11. That's why we have the sanctions that are available for filing frivolous claims. Lawyers have a duty to investigate claims before they strike out like a client would and file suit against a bunch of people . . . ."; (4) "Clients come here and tell you all kinds of things. We [attorneys] do a reasonable investigation and find out that's not true, that didn't happen, it didn't happen on that day and this is the person who didn't do it to you. I can't represent you and I can't file suit."; (5) "[O]nly the lawyer had the ability to step back, and the lawyer chose to go blindly forward . . . ."; (6) "You don't have a blank slate as a lawyer to file frivolous causes of action just because your client wants retaliation. . . . [Kovach's attorney] forgot those principles when she filed suit, struck out, and said I'll just grab as many people as I can, defame as many people as I can because I'm a lawyer and I'm allowed to do that because lawyers can file anything in a pleading and get away with it."; and (7) "Lawyers are held to a higher standard."

[4] *Cf. Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002) ("Under Rule 11, the primary purpose of sanctions against counsel is not to compensate the prevailing party, but to 'deter future litigation abuse.'" (quoting *In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990))). There is nothing in the record that would indicate Kovach requires deterrence from filing future frivolous claims.

[5] We also note there are a host of reasons the amount of the sanction against Kovach ($48,000) may be an additional abuse of discretion. However, because the prior issue is dispositive, we do not address the merits of the amount of the sanction. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding that an appellate court need not discuss remaining issues when determination of prior issue is dispositive).

[6] As stated previously, Kovach's attorney did not appeal the sanction imposed against her. Nothing in this opinion should be read as a comment on the propriety of either her decision to file the lawsuit on Kovach's behalf or the trial court's imposition of a sanction against the attorney.

**REVERSED.**

**KITTREDGE, Acting Chief Justice, HEARN, FEW, JAMES, JJ., and Acting Justice James E. Lockemy, concur.**